IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02532-GPG-SBP

LANI BATES,

    Plaintiff,

v.

AMCO INSURANCE COMPANY,

    Defendant.

---

### ORDER ON MOTION TO AMEND

---

**Susan Prose, United States Magistrate Judge**

    This matter comes before this court on defendant AMCO Insurance Company's ("AMCO") Motion for Leave to Amend its Answer. ECF No. 46 ("Motion" or "Motion to Amend"). The undersigned Magistrate Judge considers the Motion pursuant to 28 U.S.C. § 636(b)(1) and the memorandum referring the Motion. ECF No. 47. The court has reviewed the Motion and the related briefing, the applicable case law, and the entire docket. For the reasons set forth below, the Motion to Amend is respectfully **GRANTED**.

### BACKGROUND

    This matter stems from Plaintiff Lani Bates's ("Plaintiff" or "Ms. Bates") involvement in an automobile accident in Aurora, Colorado, on April 27, 2018. ECF No. 3 ¶¶ 4-10. At the time of the accident, Ms. Bates was insured by AMCO under a policy ("Policy") that included underinsured motorist coverage ("UIM"). *Id.* ¶¶ 11-13. Ms. Bates submitted a UIM claim to AMCO on December 15, 2020. Motion at 2. On July 10, 2023, after failing to receive payment

on the UIM claim, Ms. Bates filed this action in state court, raising various claims under Colorado statutory and common law. AMCO removed the action to this court on September 28, 2023. ECF No. 1. AMCO filed its answer on October 5, 2023. ECF No. 11. In the Scheduling Order, the court set December 18, 2023, as the deadline for joinder of parties and amendment of pleadings. ECF No. 24 at 10.

AMCO filed the Motion to Amend on November 12, 2024, which seeks to amend its Answer to include a failure-to-cooperate defense based on Ms. Bates's alleged noncooperation with AMCO's requests for a "medical release authorization" under the Policy and pursuant to Colorado Revised Statute § 10-3-1118. *See* Motion at 2-3. Specifically, the proposed amendment would add two defenses to the operative pleading: "14. Any material failure to cooperate by Plaintiff and/or her agents is a breach of contract voiding entitlement to benefits. 15. Plaintiff's claims or damages, if any, are barred by Plaintiff's own conduct, or conduct imputed to it, in violation of the implied covenant of good faith and fair dealing with Nationwide." ECF No. 46-5, Proposed Amended Answer at 8-9.[1] Plaintiff opposes the Motion to Amend, ECF No. 51 ("Response"), and AMCO has replied. ECF No. 53 ("Reply").

## ANALYSIS

**I.    Standard of Review**

When a party seeks amendment of a pleading after the deadline set forth in a scheduling order, the party "must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l*

---

[1] AMCO notes throughout the Proposed Amended Answer that it is "incorrectly named as Nationwide" by Ms. Bates. ECF No. 46-5 at 3, 5 & *passim*.

*Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

Under Rule 16, the determination of good cause lies within the sound discretion of the court. Fed. R. Civ. P. 16(b)(4); *Gorsuch*, 771 F.3d at 1240 (observing that the decision to deny a motion to amend the scheduling order was within the district court's discretion). The inquiry under Rule 16 "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *XY, LLC v. Trans Ova Genetics, LC*, No. 17-cv-00944-WJM-NYW, 2022 WL 2716550, at *9 (D. Colo. July 13, 2022) (quotation omitted), *report and recommendation adopted*, 2022 WL 4298400 (D. Colo. Sept. 19, 2022). "A party's delay in performing the pretrial preparation necessary to recognize a claim or defense does not satisfy Rule 16(b)(4)'s good cause standard." *Sher v. Amica Mut. Ins. Co.*, 722 F. Supp. 3d 1176, 1181 (D. Colo. 2024), *reconsideration denied*, 2024 WL 4504565 (D. Colo. Oct. 16, 2024) (citing *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000)).

To warrant amendment, a party must also satisfy the requirements for amendment under Rule 15(a). *Pumpco*, 204 F.R.D. at 668. Rule 15(a) embodies a more liberal standard for amendment than Rule 16(b)(4), providing that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Rule 15, "[a] general presumption exists in favor of allowing a party to amend its pleadings, and the non-moving party bears the burden of showing that the proposed amendment is improper." *Doe by & through Roe v. Cherry Creek Sch. Dist.*, No. 24-cv-00687-NYW-TPO, 2024 WL 4581161, at *2 (D. Colo. Oct. 25, 2024) (cleaned up) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv. Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)); *accord, e.g., Corporate Stock Transfer,*

*Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009). Indeed, the purpose of Rule 15(a) is "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

Nevertheless, "[a] district court may deny leave to amend upon 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). "A proposed amendment to a complaint is futile if it would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment or a motion to dismiss." *Midcities Metro. Dist. No. 1 v. U.S. Bank Nat'l Ass'n*, 44 F. Supp. 3d 1062, 1068 (D. Colo. 2014); *see also Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim[.]"). "The futility of an affirmative defense is evaluated under Federal Rule of Civil Procedure 12(f), which provides that 'the court may strike from a pleading an insufficient defense[.]'" *Angeles v. USAA Gen. Indem. Co.*, No. 22-cv-00578-RM-MDB, 2022 WL 16792177, at *1 (D. Colo. Nov. 8, 2022) (quoting *Schlup v. Depositors Ins. Co.*, No. 19-2095-HLT-GEB, 2020 WL 5094709, at *14 (D. Kan. Aug. 28, 2020); citing *Meeker v. Life Care Ctrs. of Am., Inc.*, No. 14-cv-02101-WYD-NYW, 2016 WL 11693715, at *3-4 (D. Colo. Apr. 11, 2016), *report and recommendation adopted*, 2016 WL 11693705 (D. Colo. June 29, 2016); *Stake Ctr. Locating, Inc. v. Logix Commc'ns, L.P.*, No. 2:14-CV-1090 TS, 2014 WL

2709456, at *3 (D. Utah Jun. 16, 2014)). "An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstances." *Id.* (quoting *Unger v. U.S. West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995); citing *S.E.C. v. Nacchio*, 438 F. Supp. 2d 1266, 1287 (D. Colo. 2006) ("A motion to strike an affirmative defense as insufficient is adjudicated under the same standard as a motion to dismiss: namely, the Court must strike the defense only if it cannot be maintained under any set of circumstances.").

With regard to the concept of undue delay, "Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action." *Minter*, 451 F.3d at 1205. "The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue." *Adperio Network, LLC v. AppSlide, LLC*, No. 16-cv-00776-PAB-MEH, 2017 WL 4407928, at *3 (D. Colo. Mar. 28, 2017), *report and recommendation adopted*, 2017 WL 4404772 (D. Colo. Apr. 17, 2017). Therefore, in assessing whether the plaintiff unduly delayed seeking amendment, courts focus on the explanation for the delay. *Minter*, 451 F.3d at 1206; *see also Sony Music Ent. España, S.L. v. Moody II LLC*, No. 23-cv-00885-CNS-SBP, 2024 WL 3936664, at *4 (D. Colo. Aug. 25, 2024) ("Instead of focusing on 'delay' or 'lateness,' courts deciding this issue look to the moving party's explanation of the delay to determine whether the delay is undue.") (quotation omitted). "Delay is 'undue' only if it will place an unwarranted burden on the Court or become prejudicial to the opposing party." *Sullivan v. Equifax Info. Servs. LLC*, No. 14-cv-02377-CMA-KLM, 2015 WL 4480899, at *4 (D. Colo. July 23, 2015) (citing *Minter*, 451 F.3d at 1205). As with Rule 16, whether to allow amendment under Rule 15 is within the court's wide discretion. *See, e.g.*, *Minter*, 451 F.3d at 1204.

With these standards in mind, the court turns to the parties' arguments for and against the

5

proposed amendment that would allow AMCO to assert a failure-to-cooperate defense.

**II.    Discussion**

The Motion to Amend obliges the court to explain the factual context that precipitated the request for amendment to include a failure-to-cooperate defense.

The court begins with the relevant Policy language, which requires that "[t]he insured will . . . 6) if injured, submit to examinations by company selected physicians as often as [the insurer] reasonably requires. The injured person must grant us authority, at [the insurer's] request, to obtain copies of all wage and medical, dental or other health care provider records," and will "8) provide access to any data and/or records, from any source and/or recorded by any method or means, that we reasonably request for use in the evaluation or defense of any claim or suit and permit us to make copies of such data or records." ECF No. 46-1 at 11. Additionally, as both parties recognize, Section 1118 sets forth a detailed procedure which an insurer must complete before it may "plead or prove a failure-to-cooperate defense," including the submission of written requests and notices to the insured and the provision of a cure period. *See generally* Colo. Rev. Stat. § 10-3-1118(1).

Ms. Bates argues that AMCO's proposed amendment is improper because AMCO has "forfeited" its right to plead a failure-to-cooperate defense by failing to comply with Section 1118 and by attempting to conduct discovery in contravention of the Scheduling Order and the "Professional Rules of Conduct." Response at 8-9. Ms. Bates claims that, if amendment is permitted, her attorney will be obliged to testify concerning his decisions with regard to communications from AMCO and his view of "the effect of a Scheduling Order[.]" *Id.* at 9-10. And she also asserts that AMCO's request for "blanket" medical releases was unreasonable. *Id.*

6

at 10-11. AMCO disputes these points, arguing at length about its substantive compliance with Section 1118 and the merits of its failure-to-cooperate defense. Reply at 3-6. AMCO denies that Ms. Bates will be prejudiced if amendment is permitted, and contends that her speculation "that the amendment will likely force her counsel to recuse himself in order to testify seems drastic and disingenuous." *Id.* at 6-8.

      Reduced to its essence, Ms. Bates's argument is that the proposed amendment is futile. The court exercises its discretion here to find that the argument contesting the viability of the failure-to-cooperate defense—which the court cannot resolve without delving into the substantive complexities of the parties' respective arguments—is more properly raised in the context of a dispositive motion. *See, e.g.*, *Angeles*, 2022 WL 16792177, at *3 (granting motion to amend answer to add a defense under Section 1118 over the objection of plaintiff, who submitted documentary evidence allegedly establishing that she "did cooperate and comply with her duties under the Policy," and finding that a dispute concerning the viability of the defense is "more efficiently raised in the context of a dispositive motion") (citing *Swanson v. N. Light Specialty Ins. Co.*, No. 20-cv-03778-RMR-NRN, 2021 WL 8944735, at *4 (D. Colo. Oct. 28, 2021) ("Rather than forcing a 12(f) motion or a motion for summary judgment into the response to the Motion to Amend, [the litigants] are better served by having an opportunity to fully brief the merits of the affirmative defense upon appropriate motion and after the opportunity for discovery.")); *Hubchik v. Owners Ins. Co.*, No. 23-cv-01359-DDD-KAS, 2024 WL 5158780, at *5 (D. Colo. Dec. 17, 2024) (concluding, in granting a motion for leave to amend an answer to incorporate a failure-to-cooperate defense under Section 1118, "that a decision on whether a

7

defense pursuant to Colo. Rev. Stat. § 10-3-1118 is legally permissible and factually supported is better addressed via dispositive motion, the deadline for which has not yet passed.").[2]

This court likewise finds here that an assessment of the merits of a failure-to-cooperate defense is best undertaken in the context of a full record on a dispositive motion, in which the factual record—and the parties' opposing arguments—are clearly delineated. *See Sanchez-Bell v. CSAA Gen. Ins. Co.*, No. 22-cv-1678-WJM-STV, 2024 WL 2817504, at *3 (D. Colo. June 3, 2024) (finding, in the context of a summary judgment motion, that a failure-to-cooperate defense was barred). To be sure, the parties have made substantive arguments, and submitted documentation pertinent to AMCO's compliance with Section 1118, but the court deems the record insufficient at this juncture to definitively conclude that the failure-to-cooperate defense is so wholly unsupported as to render amendment futile. *See Electro-Mechanical Prods., Inc. v. Alan Lupton Associates, Inc.*, No. 22-cv-00763-PAB-SP, 2023 WL 5152627, at *3 (D. Colo. July 10, 2023) (recognizing that "[d]enying a motion to amend based on futility is uncommon in this District and usually involves claims that are facially unsupported in the proposed amendment"); *see also, e.g., Godfrey v. United States*, No. 07-cv-02165-MSK-MEH, 2008 WL 80302, at *2 (D. Colo. Jan. 7, 2008) (in the ordinary course, "futility arguments are better addressed in a Motion

---

[2] *Accord, e.g., Techy v. Arete Surgical Centers, LLC*, No. 22-cv-02143-DDD-KLM, 2023 WL 9104781, at *2 (D. Colo. May 18, 2023) ("Defendants' arguments rely on a detailed examination of Plaintiff's proposed allegations. On a motion seeking leave to amend, such arguments are generally underdeveloped because the Court lacks the full briefing of a motion, response, and reply regarding the merits of the Rule 12(b)(6) argument. This is particularly true where, as here, the Court has not previously addressed the merits of the litigants' claims and where subject matter jurisdiction is not at issue. Thus, Defendants' futility arguments are rejected as premature."); *HLS Trucking Inc. v. Hooper Corp.*, No. 20-cv-03654-CNS-KLM, 2022 WL 16860115, at *4 (D. Colo. Nov. 7, 2022) (same).

to Dismiss"); *cf. Mason v. Fantasy, LLC*, No. 13-cv-02020-RM-KLM, 2016 WL 11697062, at *3 (D. Colo. May 23, 2016) (denying motion to amend on futility grounds to add fraudulent conveyance claim over which the court lacked supplemental jurisdiction).

The court also finds no undue delay by AMCO in seeking leave to amend sufficient to overcome the liberal amendment standard under Rule 15(a)(2).[3] "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1208 (quotation marks and quotation omitted). This may occur "when the amended claims arise out of a subject matter different from what was in the complaint and raise significant new factual issues." *Id.* That is not the situation here. There is still time to complete discovery concerning the defense, the factual bases for which have been known to Ms. Bates since she first declined to provide the release demanded by AMCO. Put another way, "[t]he subject matter and new factual issues raised by the amendment is not so significantly different from the operative complaint that Rule 15(a)(2) is a bar to it." *See Techy*, 2023 WL 9104781, at *2 (cleaned up). Further, AMCO's reason for the timing of its request to amend, which it avers was made only after "giv[ing] Plaintiff ample opportunities to cure the defect" that prompted the amendment, *see* Reply at 6, suffices at this time to adequately explain any delay in seeking the amendment. *See Minter*, 451 F.3d at 1206.

At bottom, the court cannot find, on this record, that any delay was undue or that AMCO has acted with bad faith or a dilatory motive. Neither is any undue prejudice to Ms. Bates

---

[3] It is unclear from Ms. Bates's briefing whether she specifically contends that the proposed amendment is untimely, but the court takes up the question to ensure a full consideration of all potential grounds for rejecting the proposed amendment.

discernible from the instant record. The grounds for raising the defense—and for Ms. Bates to assert that it must be rejected—hinge on factual matters well-known to both sides, and for some time. Further, adequate time remains for Ms. Bates to conduct any discovery she may require regarding the defense. *See* ECF No. 69 (setting a discovery deadline of September 4, 2025). And the court respectfully finds no basis to countenance the contention that permitting the proposed amendment will somehow oblige Ms. Bates's attorney to provide testimony concerning his view of "the effect of a Scheduling Order[.]" *See* Response at 9-10. The failure-to-cooperate defense either has merit or it does not, and Ms. Bates is no more compelled to call her attorney to testify concerning the legal support for her position than any other litigant who has taken a particular stance on the advice of counsel.

In sum, the court finds that Ms. Bates has not carried her burden to show that AMCO's proposed failure-to-cooperate defense "cannot be maintained under any set of circumstances." *See Nacchio*, 438 F. Supp. 2d at 1287. The court will not prejudge the merits of that defense, which should be decided on a full record—either on summary judgment or at trial. Accordingly, AMCO will be granted leave to amend its answer without prejudice to Ms. Bates's right to later substantively challenge the legal sufficiency of the defense.

## CONCLUSION

For the foregoing reasons, it is respectfully **ORDERED** that Defendant AMCO Insurance Company's Motion for Leave to Amend, ECF No. 46, is **GRANTED**.[4] Defendant shall file a

---

[4] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado.

clean version of the Amended Answer, ECF No. 46-5, as a separate docket entry within three (3) business days of this Order.

DATED: May 22, 2025                           BY THE COURT:

                                              _____
                                              Susan Prose
                                              United States Magistrate Judge

---

28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").